IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RICHARD E. HAWKINS,** | § | |
| Petitioner, | § | |
| | § | |
| V. | § | A-10-CA-211-SS |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 8). Petitioner did not file a response thereto. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas in Cause

number D-1-DC-08-200102.  Petitioner was charged with burglary of a habitation with intent to commit theft, with two prior felony convictions alleged for enhancement of sentence, to which he entered a plea of not guilty to a jury.  On March 12, 2008, the jury found Petitioner guilty as charged and, after Petitioner pleaded true to the two alleged enhancements, assessed punishment at 25 years of imprisonment.

Petitioner's conviction was affirmed by the Third Court of Appeals of Texas on October 10, 2008, after appellate counsel filed an Anders[1] brief and Petitioner filed a pro se brief.  Hawkins v. State, No. 03-08-00244-CR, 2008 WL 4531563 (Tex. App. – Austin 2008).  Despite being given an extension of time until June 9, 2009, to file a petition for discretionary review, no petition was filed.

On June 22, 2009, Petitioner filed an application for state writ of habeas corpus challenging his conviction.  Ex parte Hawkins, Appl. No. 72,458-01.  On August 19, 2009, the Court of Criminal Appeals dismissed the application, because his direct appeal was still pending, as mandate had not issued.  Petitioner filed a second state application on September 11, 2009, after the mandate had been issued.  Id. at -02.   The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court on February 3, 2010.

**B.    Factual Background**

The state habeas court described the crime for which Petitioner was:

> The complainant, Villescaz, came home to find someone had gone inside and rummaged through his house, then saw applicant asleep in Villescaz' bed. Villescaz summoned police, who found jewelry in applicant's pockets which Villescaz identified as his.

Ex parte Hawkins, Appl. No. 72,458-02 at 44.

---

[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

C.  **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. He was denied the effective assistance of counsel because counsel's performance "was below the reasonable standard of his profession and prejudice and harmful to the petitioner;"

2. He was denied the effective assistance of counsel by the trial court's refusal to give a lesser-included instruction;

3. The evidence was insufficient to support the enhancement findings under Blakely v. Washington; and

4. The trial court erred by failing to allow the jury to consider a lesser-included offense instruction.

D.  **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

Respondent does, however, argue that Petitioner has not exhausted his specific claims with regard to ineffective assistance of counsel. In his application for habeas corpus relief Petitioner states, "see memorandum of law." However, Petitioner did not file a memorandum of law in this Court and did not file a memorandum of law with his second state application for habeas corpus relief, which was considered by the Texas Court of Criminal Appeals.[2] Accordingly, Respondent argues any claims contained in the memorandum are procedurally defaulted.

---

[2] Petitioner filed a memorandum of law with regard to his first state application for habeas corpus relief. However, the state court dismissed the application for want of jurisdiction. As such, the state court did not consider the memorandum of law.

3

Petitioner's unexhausted claims are procedurally barred. A subsequent state application for habeas corpus on Petitioner's unexhausted issues would be futile as it would be dismissed pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct. 1038, 1043 (1989). Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. Coleman, 501 U.S. at 735, 111 S. Ct. at 2557. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. Id. at n.1. However, a petitioner can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the merits of the federal claim would result in a miscarriage of justice. Moore v. Roberts, 83 F.3d 699, 702 (5th Cir. 1996), citing Coleman, 501 U.S. at 750, 111 S. Ct. 2565, cert. denied, 519 U.S. 1093, 117 S. Ct. 773 (1997). Petitioner has failed to show cause and actual prejudice for his procedural default and has made no

showing that a failure to address the merits of the federal claims would result in a miscarriage of justice. Therefore, Petitioner is barred from raising his unexhausted claims.[3]

## DISCUSSION AND ANALYSIS

A.  **The Antiterrorism and Effective Death Penalty Act of 1996**

The AEDPA radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme

---

[3] Alternatively, the unexhausted claims are without merit.

> Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.     Ineffective Assistance of Counsel**

In his first and second grounds for relief, Petitioner argues that he was denied effective assistance of counsel. Petitioner raised this same issue in his state application for habeas corpus relief. The state courts rejected the merits of Petitioner's claim. As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not

>functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689, 104 S. Ct. 2064-65. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

Petitioner appears to contend that counsel should have moved for a new trial after the trial court denied his request to provide the jury with a lesser-included offense instruction. As explained by Respondent, counsel vigorously requested the instruction, and the trial court clearly did not

consider such an instruction warranted. 3 RR 65-68. The trial court found that there was no evidence in the record substantiating a claim that theft could have been committed but not burglary. As such, any motion for a new trial on such grounds would have been frivolous.

Moreover, in Petitioner's pro se appellate brief he similarly argued counsel was ineffective when the trial court refused to give a lesser-included instruction. See Appellant's Brief at E. The appellate court affirmed Petitioner's conviction, finding his appeal to be frivolous. Hawkins v. State, No. 03-08-00244-CR, 2008 WL 4531563 (Tex. App. – Austin 2008). Petitioner raised similar grounds in his state application for habeas corpus relief. The state habeas court rejected Petitioner's claims and stated there was no evidence that applicant had entered Villascaz's home with consent. Ex parte Hawkins, Appl. No. 72,458-02 at 44. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

With regard to his remaining claims of ineffective assistance of counsel, Petitioner fails to explain why he believes counsel was deficient or how he was prejudiced thereby. "[A]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983). Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

**C.    Lesser Included Offense**

Petitioner also argues that the trial court erred because it refused to charge the jury on the lesser included offense of theft. Petitioner's allegation does not state a ground for federal habeas

corpus relief. "In a non-capital murder case, the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue." Valles v. Lynaugh, 835 F.2d 126, 127 (5th Cir. 1988); Alexander v. McCotter, 775 F.2d 595, 601 (5th Cir. 1985). Accordingly, Petitioner's claim does not warrant federal habeas corpus relief.

**D.     Enhancement**

Petitioner argues the State failed to prove the enhancement paragraphs contained in the indictment by the necessary burden of proof. Specifically, Petitioner argues that Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), mandates that the prior convictions, as aggravating sentencing factors, must be submitted to the jury and proven beyond a reasonable doubt.

Blakely reaffirmed the rule that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Id. (quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000)). As explained by Respondent, Petitioner pleaded true to both enhancement paragraphs. If a defendant pleads "true" to the enhancement paragraph, the State's burden of proof is satisfied and a defendant cannot complain that the evidence is insufficient to support the enhancements. Williams v. State, 309 S.W.3d 124, 129 (Tex. App. – Texarkana, 2010) (citing Wilson v. State, 671 S.W.2d 524, 525 (Tex. Crim. App.1984)). Accordingly, Petitioner's claim does not warrant federal habeas relief.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of July, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE